O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| PEIYUN CHEN, | Case № 2:22-cv-07352-ODW (AFMx) |
| Plaintiff, | |
| v. | **ORDER GRANTING UNOPPOSED MOTION TO DISMISS [9]** |
| JADDOU UR MENDOZA et al., | |
| Defendants. | |

Defendants Ur M. Jaddou, Susan M. Curda, and Corina Luna move to dismiss Plaintiff Peiyun Chen's Complaint. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 9.) After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument and vacated the January 23, 2023 hearing. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons that follow, the Court **GRANTS** Defendants' unopposed Motion.

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12; *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's

dismissal of plaintiff's complaint based on plaintiff's failure to oppose motion as required by local rules).  Prior to dismissing an action pursuant to a local rule, a court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions."  *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "Explicit findings with respect to these factors are not required."  *Ismail v. County of Orange*, 8:10-cv-00901-VBF (AJWx), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (first citing *Henderson*, 779 F.2d at 1424; and then citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).

The Court has considered the *Ghazali* factors and is persuaded that granting the Motion is appropriate.  The hearing on Defendants' Motion was set for January 23, 2023.  Chen's opposition was therefore due by December 30, 2022.  *See* Fed. R. Civ. P. 6(a)(1)(c).  As of the date of this Order, Chen has not filed an opposition, a request for a continuance, or any other similar filing.  Chen is represented by an attorney in this matter, Joel Spence, a registered CM/ECF user who receives notice of the electronic filings in this action.  Therefore, Chen received notice of the Motion and had ample opportunity to respond, including after Defendants filed a Notice of Non-Receipt of Opposition, (Notice Non-Receipt Opp'n, ECF No. 10), but has failed to do so.  As such, the Court construes Chen's failure to respond to Defendants' Motion as consent to the Court granting it.

///
///
///
///
///
///

Accordingly, the Court **GRANTS** the Motion and **DISMISSES** the Complaint. (ECF No. 9.)  All dates and deadlines are **VACATED**.  The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

January 20, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**